**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

—————————————————

MARSHALL HUGHES,

    Petitioner - Appellant,

v.

ANDRE STANCIL, Executive
Director, Colorado Department of
Corrections; PHIL WEISER,
Attorney General, State of Colorado,

    Respondents - Appellees.

No. 25-1426
(D.C. No. 1:25-CV-01980-LTB-RTG)
(D. Colo.)

—————————————————

## ORDER AND JUDGMENT*

—————————————————

Before **PHILLIPS**, **KELLY**, and **FEDERICO**, Circuit Judges.

—————————————————

In his appeal from a petition for writ of habeas corpus, Marshall

Hughes contends that he was denied effective assistance of counsel in

Colorado state court. That denial, he argues, resulted in a conviction that

---

\* After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in
the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Federal Rule
of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

has barred him from military service. We conclude, though, that this bar on military service stems from an Army regulation, not the state court judgment of which he complains. As a result, the federal courts are not granted authority under the habeas statute to hear Marshall's claim. Thus, we affirm the district court's dismissal of the petition.

**I**

**A**

In December 2013, Marshall Hughes was an Army captain returning to Colorado Springs from an Afghanistan deployment. Waiting for him was his girlfriend from before the deployment, Ashley Brobeck. A few days after Hughes' return, he and Brobeck went out to a bar together. They got into an argument on the bar's patio that escalated into a physical altercation. The couple later returned to their hotel room, which was ultimately damaged.

Brobeck later reported to law enforcement that Hughes had assaulted her outside the bar, thrown her to the ground, and hit her. And, in connection with this incident, state prosecutors charged Hughes with seven criminal counts: six misdemeanors and a single felony count of criminal mischief relating to the hotel room damage. At trial, a state-court jury found him not guilty of five misdemeanor counts. It convicted him, though, of

misdemeanor harassment and felony criminal mischief involving an act of domestic violence.

Hughes then turned to the Colorado appellate and post-conviction processes. He petitioned the Colorado Court of Appeals for a writ of certiorari. When that was denied, he moved for post-conviction relief in the trial court alleging ineffective assistance of counsel (IAC). The state trial court held an evidentiary hearing but found that Hughes had failed to meet his burden and denied his petition for post-conviction relief. Hughes then appealed the denial of his state IAC claims to the Colorado Court of Appeals.

There, he found purchase. The court of appeals denied Hughes' claim pertaining to the criminal mischief conviction, which it reasoned would not have been undermined by additional evidence that Hughes' trial counsel failed to develop. However, it reversed Hughes' conviction for harassment. The court of appeals reasoned that Hughes' trial attorney had prejudiced his case by failing to argue the alleged evidence of harassment was constitutionally protected speech. Hughes petitioned the Colorado Supreme Court for a writ of certiorari regarding the criminal mischief conviction, but the state high court denied his petition.

**B**

It was then that Hughes turned to the federal courts. He filed in the District of Colorado a petition for a writ of habeas corpus arising under 28

3

U.S.C. § 2254. The petition alleged a single IAC claim attacking his sole remaining count of conviction for criminal mischief. In the petition, Hughes argued that his trial attorney had rendered deficient performance by failing to investigate his case. According to Hughes' post-conviction investigation, the bar's head of security had witnessed their argument and testified that although Brobeck had drunkenly shoved Hughes outside the bar, Hughes did not reciprocate. Instead, Hughes had tried to de-escalate the altercation without physical force.

This, Hughes argued, would have benefitted his case at trial in three ways. First, it would have undermined Brobeck's credibility by demonstrating that the complaining witness was intoxicated during the events in question and thus her recollection may have been unreliable. Second, it would have undermined Brobeck's testimony that Hughes had been motivated to damage the hotel room because of self-loathing stemming from the assault. And, third, the evidence of Brobeck's drunken violence could have supported the alternative defense narrative that it was Brobeck, not Hughes, who damaged the hotel room. Thus, Hughes argued he could demonstrate both deficiency and prejudice sufficient to sustain an IAC claim on Sixth Amendment grounds.

The district court, though, did not reach the merits of this argument. Instead, it adopted the recommendation of a magistrate judge to dismiss

4

the habeas petition because Hughes was not in custody pursuant to a state court judgment when he filed the petition, as required by the habeas statute. *See* 28 U.S.C. § 2254. Hughes timely appealed to this court and requested a certificate of appealability (COA) in so doing. We granted his request for a COA. *See* 28 U.S.C. § 2253(c). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we now affirm.

## II

The federal courts have authority to hear "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" where that custody violates federal law. 28 U.S.C. § 2254(a). The statutory language "requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition." *Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008) (quoting *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004)). If a petitioner is not in custody, the federal courts have no authority to hear the petition. And, so too, if the petitioner is in custody – but not "pursuant to" a state court judgment – the petition will be unavailing.

The district court dismissed Hughes' habeas petition because he was not in custody; we construe this as a dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *Erlandson*, 528 F.3d at 788. Thus, our review is de novo. *Calhoun v. Att'y Gen. of Colorado*,

5

745 F.3d 1070, 1073 (10th Cir. 2014). "We may affirm the dismissal on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *Erlandson*, 528 F.3d at 788 (quoting *Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007)).

### III

Hughes, in his opening brief, argued that the district court erred when it determined that he was not "in custody" for the purposes of the habeas statute. Op. Br. at 23–26. Hughes reasons that – although he is not physically restrained in the traditional sense – the federal courts nonetheless have jurisdiction because his conviction has rendered him ineligible to serve again in the military. This, he argues, is a custodial restraint in the meaning of § 2254.

The Government in opposition argues that the ineligibility to serve in the military is a mere "collateral consequence[]" of conviction and insufficient to render Hughes in custody. Resp. Br. at 9 (quoting *Calhoun*, 745 F.3d at 1073–74). In the alternative, the Government argues that *even if* the prohibition on military service is custodial, it is not "pursuant to the judgment of a State court" as required by statute. *See* 28 U.S.C. § 2254(a); Resp. Br. at 14–17.

We agree with the Government's second point. Whether or not Hughes' ineligibility to serve in the military is custodial in the meaning of

6

§ 2254, it is not rendered "pursuant to" a state court judgment. Instead, this consequence – Hughes now being ineligible for future military service – flows from an Army policy that is not at issue here. Thus, we affirm the judgment of the district court.

The result is necessitated by the language of the statute and our caselaw. Section 2254 provides the federal courts jurisdiction over habeas petitions on behalf of people who are "in custody pursuant to the judgment of a State court" at the time of the petition. 28 U.S.C. § 2254(a). Thus, in addition to demonstrating the existence of custody, the petitioner must demonstrate that their status stems from the state court judgment being challenged. *Broomes*, 358 F.3d at 1254, abrogated on other grounds by *Padilla v. Kentucky*, 559 U.S. 356 (2010); *see also Carthen v. Workman*, 121 F. App'x 344, 346 n.1 (10th Cir. 2005).[1] This court has concluded that the statutory term "'judgment of a State Court' within § 2254 refers only to conviction and sentence." *Walck v. Edmondson*, 472 F.3d 1227, 1234 (10th Cir. 2007) (citing cases). The statute requires that the petitioner be "'in custody' under the conviction or sentence under attack." *Erlandson*, 528 F.3d at 788 (quotation omitted). So, where a person's grievance is "beyond the control and responsibility of the district court in which th[e] conviction

---

[1] We cite unpublished decisions for their persuasive value only and do not treat them as binding precedent. 10th Cir. R. 32.1(A).

was entered," they complain of a collateral consequence that will not establish statutory jurisdiction under § 2254. *Broomes*, 358 F.3d at 1256–57 (quoting *United States v. Gonzalez*, 202 F.3d 20, 27 (1st Cir. 2000)).

Also instructive here is the Third Circuit's opinion in *Piasecki v. Court of Common Pleas*, 917 F.3d 161 (3d Cir. 2019). There, the petitioner filed for a writ of habeas corpus under § 2254 contending that his was in custody by virtue of Pennsylvania's sex offender registration requirements. *Id.* at 165–66. The Third Circuit acknowledged that other states' registration requirements had been deemed collateral consequences. *Id.* at 172. But Piasecki's written judgment and sentence stated that he would be required to register as a sex offender, *id.* at 173, and thus he "became subject to [the] registration requirements as a 'direct consequence of the conviction' being challenged," *id.* at 176 (alteration adopted). Because the registration regime was "imposed pursuant to – and included in – the judgment" it had "direct relation to the judgment of sentence" sufficient to set it apart "from consequences that are truly collateral." *Id.* at 176–77.

Here, in contrast, the record gives no indication that the Colorado state court sentence contemplated any effect on Hughes' eligibility to serve in the military. Hughes does not dispute that the prohibition on his military service was rendered by Army policy, not the state court. *Compare* Resp. Br. at 15–16 with Reply Br. at 8. Instead, he argues that his discharge from

8

the military "was a direct effect" of the state court conviction. Reply Br. at 8. However, "mere but-for causation is not enough to establish custody 'pursuant to' a state court judgment." *Wright v. State*, 47 F.4th 954, 960 (9th Cir. 2022). Any other conclusion would run contrary to the Supreme Court's teaching that collateral consequences of a conviction do not create statutory jurisdiction under § 2254. *See Maleng v. Cook*, 490 U.S. 488, 491–92 (1989). "Under *Maleng*, a causal relationship between the [complained-of consequence] and the [challenged] conviction does not mean that [the petitioner] is 'in custody' on that conviction." *United States v. Reymundo-Lima*, 643 F. App'x 668, 669 (10th Cir. 2016) (order denying certificate of appealability); *accord Chiwanga v. Drummond*, No. 23-5136, 2024 WL 2723273, at *3 (10th Cir. May 28, 2024) (unpublished) (order denying certificate of appealability). The complained-of consequence must be imposed by the state court judgment and sentence at issue. Those are not the circumstances here.

Because we conclude that the alleged injury was not imposed by the state court judgment, we need not determine whether Marshall is in custody for the purposes of § 2254. In any event, we do not have statutory authority to hear the petition. So, like the district court, we decline to pass on the merits of Marshall's claim.

9

AFFIRMED.

Entered for the Court


Richard E.N. Federico
Circuit Judge